# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MAGGIE GREENHAW,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CEDAR RAPIDS, IOWA,<br><br>Defendant. | No. C07-0109<br><br>ORDER DENYING<br>MOTION TO STRIKE |

On the 11th day of February 2009, this matter came on for hearing on the Motion to Strike Proposed Witnesses and Two Proposed Exhibits (docket number 23) filed by the Plaintiff on February 3, 2009. The Plaintiff was represented by her attorney, Gerald J. Kucera. The Defendant was represented by its attorney, Mohammad H. Sheronick.

## I. PROCEDURAL HISTORY

On August 31, 2007, Plaintiff Maggie Greenhaw ("Greenhaw") filed a Petition at Law (docket number 1-4) in the Iowa District Court for Linn County, seeking damages against the City of Cedar Rapids ("the City") and two police officers for alleged excessive use of force, false imprisonment, intentional infliction of emotional distress, and negligence. The action was removed to the United States District Court for the Northern District of Iowa on October 18, 2007. Pursuant to a stipulation of the parties, the two police officers were dismissed as defendants on September 11, 2008.

On October 24, 2008, the City filed a motion for summary judgment. In an Order filed on January 9, 2009, the Court dismissed Greenhaw's Section 1983 claim, but denied the City's request to summarily dismiss her claims of false imprisonment, intentional infliction of emotional distress, and negligence. Trial is scheduled before Chief Judge Linda R. Reade on March 16, 2009.

1

## II. RELEVANT FACTS

The facts underlying the instant motion are generally undisputed. On January 28, 2008, the Court adopted a scheduling order and discovery plan proposed by the parties. Among other things, the Court established deadlines for disclosure of expert witnesses. Upon a joint motion filed by the parties, the deadlines were later extended. Greenhaw was required to disclose her expert witnesses, if any, by June 6, 2008. The deadline for disclosure of expert witnesses by the City was August 6, 2008.

On August 6, 2008, the deadline for disclosing its expert witnesses, the City served its designation of expert witnesses, identifying Captain B.A. Walther, Jr. of the Cedar Rapids Police Department.[1] The disclosure was not accompanied by a written report, as described in FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B). The City's designation stated that "Captain Walther's report will be provided when completed."[2]

On January 29, 2009, the City's attorney faxed a letter to Greenhaw's attorney, providing its witness and exhibit lists as required by the trial management order. The letter states that "[y]ou should have received Captain Walther's written report by now."[3] The undated and unsigned six-page report is entitled "Review of Events of Sept. 12, 2005."[4] According to the instant motion, the report of Captain Walther was "disclosed for the first time" on January 29, 2009.

Also served on January 29, 2009 was a DVD produced by Captain Walther. Apparently, the DVD was prepared in October 2008 and is intended to depict "a

---

[1] *See* Designation of Expert Witnesses, attached to Defendant's Brief in Resistance as Exhibit A (docket number 30 at 6-7).

[2] *Id.*

[3] *See* Letter from Mr. Sheronick to Mr. Kucera, dated January 29, 2009, attached to Defendant's Brief in Resistance as Exhibit C (docket number 30 at 14).

[4] *See* "Review of Events of Sept. 12, 2005," attached to Defendant's Brief in Resistance as Exhibit B (docket number 30 at 8-13).

prototypical felony stop." Additional facts relevant to the discussion will be set forth below.

## III. DISCUSSION

### A. *Expert Testimony of Captain Walther*

The disclosure of expert testimony in a civil proceeding is governed by Local Rule 26.b and FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2). Not later than the deadline for disclosing expert witnesses as set forth in the scheduling order and discovery plan, the parties must disclose their expert witnesses "in accordance with the requirements of FEDERAL RULES OF CIVIL PROCEDURE 26(a)(2)(A) and (B)." Local Rule 26.b. In this case, the City disclosed Captain Walther as an expert witness on August 6, 2008, the deadline established in the scheduling order and discovery plan, as required by Rule 26(a)(2)(A). The fighting issues, however, are (1) whether a written report was required under Rule 26(a)(2)(B); and, if so, (2) whether the witness should be prohibited from testifying as a consequence of the City's failure to "accompany" the disclosure of Captain Walther with his written report.

If an expert witness is "retained or specially employed" to provide expert testimony in a case, or is "one whose duties as the party's employee regularly involve giving expert testimony," then the witness' disclosure must be accompanied by a written report. FED. R. CIV. P. 26(a)(2)(B). In this case, the City argues that Captain Walther was not retained or specially employed as an expert witness, nor do his duties with the Cedar Rapids Police Department regularly involve giving expert testimony.[5] Accordingly, it argues that the Rule does not require production of a written report.

The cases are split on the issue of whether a written report must be provided by a party's employee who does *not* regularly provide expert testimony. One line of cases

---

[5] The factual basis for the City's argument was not well-established, but is apparently undisputed. In its brief, the City asserts that Captain Walther "does not regularly give expert testimony on the City's behalf." *See* City's Brief in Resistance (docket number 30) at 3. At the time of hearing, Plaintiff did not contest the City's assertion in this regard.

3

holds that a written report is required whenever an expert is designated, adopting the reasoning first expressed by the court in *Day v. Consolidated Rail Corp.*, 1996 WL 257654 (S.D.N.Y.). There, the defendant argued that the report requirement of Rule 26(a)(2)(B) was not applicable to one of its expert witnesses, because the witness was an employee whose duties did not regularly involve giving expert testimony. While acknowledging that the language in the Rule could support such a result, the Court nonetheless refused to give the Rule such a meaning.

> The principal difficulty with this argument is that even if the quoted language is perhaps susceptible to several alternative interpretations, the reading proposed by defendant would create a distinction seemingly at odds with the evident purpose of promoting full pre-trial disclosure of expert information. The logic of defendant's position would be to create a category of expert trial witness for whom no written disclosure is required -- a result plainly not contemplated by the drafters of the current version of the rules and not justified by any articulable policy.

*Id.* at *2. Referring to Advisory Committee comments, the Court found "no suggestion that the rule [requiring written reports] applied only to certain trial experts." *Id.* Accordingly, while acknowledging that the witness' duties did not normally involve giving expert testimony, the Court concluded that "he may fairly be viewed as having been 'retained' or 'specially employed' for that purpose." *Id.* at *3.

Other courts have reached a similar conclusion. *See Lee v. Valdez*, 2008 WL 4287730 (N.D. Tex.) (asserting that the "exception" found in Rule 26(a)(2)(B) "is limited to 'experts who are testifying as fact witnesses, although they may also express some expert opinions,'" quoting *Day*); *Dyson Technology Ltd. v. Maytag Corp.*, 241 F.R.D. 247, 249 (D. Del. 2007) (finding persuasive the "rationale and decision" reached by the Court in *Day*); *Funai Electric Co. v. Daewoo Electronics Corp.*, 2007 WL 1089702 (N.D. Cal.) at *3 (asserting that "despite the plain language of Rule 26(a)(2)(B), a majority of courts require reports from employee experts who render opinions on matters outside the scope of their employment."); *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 689

4

(M.D. Ala. 2000) ("In this instance, the Court finds that the text of Rule 26(a)(2)(B) fairly supports the position that expert reports must be filed for corporate employees whose testimony is proffered solely or principally for their expert opinions."); *Minnesota Min. and Mfg. Co. v. Signtech, USA, Ltd.*, 177 F.R.D. 459, 460 (D. Minn. 1998) (finding "the *Day* courts [sic] rationale to be instructive and compelling").

The second line of cases holds that the reporting requirement found in Rule 26(a)(2)(B) is a subset of the disclosure requirement found in Rule 26(a)(2)(A).

> The identification requirement contained in FED. R. CIV. P. 26(a)(2)(A) applies to a broader range of experts than does the written report requirement in FED. R. CIV. P. 26(a)(2)(B). While all persons giving expert testimony must be *identified*, a party must provide written reports only for experts who are *retained or specially employed* to provide testimony at the trial of the action; or employed by a party whose duties regularly involve giving expert testimony, i.e., in-house experts.

*Hewlett-Packard Co. v. Brother's Trucking Enterprises, Inc.*, 2005 WL 59556932 (S.D. Fla.) at *1.

The Court's reasoning in *Day* was discussed at length and rejected by the Court in *Navajo Nation v. Norris*, 189 F.R.D. 610 (E.D. Wash. 1999). The Court in *Navajo Nation* concluded that the holding in *Day* conflicted with the "plain language of the rule."

> [T]he rule has a specific category of employee experts who must provide a report: those who regularly testify. Given the plain language of this specific category, by implication, those employees who do not regularly testify for the employer but are doing so in a particular case need not provide the report.

*Id.* at 612. According to the Court in *Navajo Nation*, the *Day* Court "simply rewrote the rule." *Id.*

A number of courts have adopted this view. *See, e.g., The Lamar Company, LLC v. City of Marietta*, 538 F. Supp. 2d 1366, 1380 (N.D. Ga. 2008) (Plaintiff's employees providing expert testimony were not required to provide a written report under Rule 26(a)(2)(B), when "their duties do not regularly involve giving expert testimony."); *GSI*

*Group, Inc. v. Sukup Manufacturing Co.*, 2007 WL 853959 (C.D. Ill.) at *2 ("Employees of a party who do not regularly give expert testimony as part of this duties are not required to produce expert reports that disclose all the data on which they relied."); *Bowling v. Harbro, Inc.*, 2006 WL 2345941 (D.R.I.) (finding the line of cases strictly construing the text of the rule to be "more persuasive"); *Adams v. Gateway*, 2006 WL 644848 (D. Utah) at *2 ("The plain language of the rule facilitates a party's use of an employee without the burden of a formal report."); *United States v. Adam Bros. Farming, Inc.*, 2005 WL 5957827 (C.D. Cal.) at *5 (A long-term employee who had previously testified as an expert witness in two other cases, but whose job duties did not "regularly involve" giving expert testimony, was not subject to the report requirement found in Rule 26(a)(2)(B).); *Bank of China v. NBM LLC*, 359 F.3d 171, 182 (2d Cir. 2004) at n.13 (finding that while defendants were entitled to notice of an expert witness pursuant to Rule 26(a)(2)(A), they were not entitled to a written report pursuant to Rule 26(a)(2)(B)).

This issue was discussed at length by the Eleventh Circuit Court of Appeals in a similar case entitled *Prieto v. Malgor*, 361 F.3d 1313 (11th Cir. 2004). There, the plaintiff brought an action against Miami-Dade County and two police officers, alleging excessive force and battery. The defendants called an employee at trial and "proffered him as an expert on police procedures and the use of force." *Id.* at 1316. The plaintiff objected, arguing that the defendants had failed to provide an expert witness report, as required by the local rule and FED. R. CIV. P. 26(a)(2)(B). The defendants "conceded they had failed to provide the report but countered that, as an employee, Rodriguez was exempt from the requirements imposed upon specially hired experts." *Id.* at 1317.

The Eleventh Circuit began its analysis by noting that "if Rodriguez' normal duties as an employee involved giving expert testimony, he was obliged to provide the detailed expert witness report required by Rule 26." *Id.* at 1318. While the defendants contended that Rodriguez' duties "do not involve regularly testifying," the defendants also admitted that "Rodriguez normally 'renders opinions on the propriety of police officers' action.'" *Id.* at n.6. Rodriguez stated that he had "testified and been qualified in federal and state

courts as an expert in use of force and police procedures." *Id.* The Court concluded that since Rodriguez "functioned exactly as an expert witness normally does, providing a technical evaluation of evidence he had reviewed in preparation for trial," Rodriguez was subject to the requirement of submitting a detailed expert witness report. *Id.* at 1319.

> Rodriguez had no connection to the specific events underlying this case apart from his preparation for this trial. He merely reviewed police reports and depositions provided by counsel and offered expert opinions on the level of force exhibited by [the plaintiff] and the appropriateness of the officers' response.

*Id.* at 1318.

Apparently, this issue has not been addressed in the Northern District of Iowa or by the Eighth Circuit Court of Appeals.[6] One line of cases applies a strict reading of the Rule, while a second line of cases emphasizes the goal of "promoting full pre-trial disclosure of expert information." Even if an expert witness is not required to submit a written report pursuant to Rule 26(a)(2)(B), however, his or her opinions are nonetheless discoverable by the opposing party. *See* FED. R. CIV. P. 26(b)(4). It simply means that a party must rely on interrogatories and depositions, rather than the expert's report. *Navajo Nation*, 189 F.R.D. at 612.

The Court concludes that the view expressed in *Navajo Nation* is better reasoned and should be adopted here. The Court must apply the Rule as it is written, not as it could have been or should have been written. As written, Rule 26(a)(2)(B) only requires a written report to accompany the identification of an expert witness if the witness is "retained or specially employed" to provide expert testimony, or is "one whose duties as the party's employee regularly involve giving expert testimony." In this case, Captain Walther was not retained or specially employed as an expert witness. In addition, it is apparently undisputed that his duties do not "regularly involve giving expert testimony."

---

[6] The parties' briefs in this regard were particularly unhelpful. While raising the issue in its brief, the City did not cite any authority on point. The Plaintiff ignored the issue altogether.

Therefore, Rule 26(a)(2)(B) does not require a written report to accompany his designation as an expert witness.

Greenhaw's motion to strike is premised on the City's failure to timely provide a written report regarding its expert's testimony, citing *Benedict v. Zimmer, Inc.*, 232 F.R.D. 305, 320 (N.D. Iowa 2005) (excluding expert testimony as a sanction for failing to provide written expert reports). As set forth above, however, the City was not required to provide a written report for Captain Walther because he was not "retained or specially employed" to provide expert testimony, nor do his duties as the City's employee "regularly involve giving expert testimony." Accordingly, *Benedict* provides no support for Greenhaw's argument and her request to strike Captain Walther as an expert witness must be denied.

### B. DVD Demonstrating "Felony Stop"

In her instant motion to strike, Greenhaw also requests that the Court enter an order to "strike the CD prepared by the Cedar Rapids Police Department in October demonstrating a proper felony stop."[7] The DVD is described in Captain Walther's report as follows:

> Included with this report is a DVD of a high-risk traffic stop. This was made on Oct. 20, 2008 recorded by ID Officer Jim Kelly and overseen by me. Officers involved in this video were as follows: Lt. Jeff Hembera, Jared Hicks, Bryan Furman, Thomas Grubb, Thai Nguyen, Jeffery Herbert, Matthew Cummings, and Alan Whitaker. There were two takes of this scenario. The same concepts described above are present in the scenario and there were minor details that needed correction (i.e. moving from cover, beginning

---

[7] The motion also asks that the Court strike "the exhibit of Bernard Walther," which is apparently a reference to the report provided by the City on January 29, 2009. At the time of hearing, however, counsel for the City agreed that the report would not be an exhibit at the time of trial. That is, whether or not Captain Walther was permitted to testify, the report is hearsay and inadmissible. (Although presumably the report could be used by the Plaintiff on cross-examination.)

> commands before all officers are set in their assignments, etc.).

*See* "Review of Events of Sept. 12, 2005," attached to Defendant's Brief in Resistance as Exhibit B (docket number 30 at 10-11).

While it is not entirely clear to the Court, Greenhaw's argument that the DVD should not be allowed as an exhibit at the time of trial is apparently premised on her argument that Captain Walther should not be permitted to testify. That is, Greenhaw does not allege that she submitted any other discovery requests which would have required the production of the DVD on an earlier date. As set forth above, the Court concludes that Greenhaw's motion to strike Captain Walther as a witness should be denied. To the extent Greenhaw's argument regarding the DVD is dependent on her argument regarding Captain Walther's testimony, it must also fail.

Finally, Greenhaw suggests that the DVD "does not even coincide with the facts in this case" and that its introduction into evidence at the time of trial "would be more prejudicial than probative and might taint the way the jury would view the facts."[8] Greenhaw does not address this issue in her brief, however, nor provide the Court with any authority to support her position. Local Rule 7.d requires the movant to provide a brief containing "citations to the authorities upon which the moving party relies." If a party fails to brief an issue in more than a "perfunctory manner," then the Court may consider the issue waived. *Ramirez v. Debs-Elias*, 407 F.3d 444, 447 at n.3 (1st Cir. 2005) (cited with approval in *United States v. Johnson*, 403 F. Supp. 2d 721, 764 (N.D. Iowa 2005). *See also Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived."). By failing to provide any authority on this issue, the Court concludes that the Greenhaw has waived her argument that the DVD is inadmissible on this ground.

---

[8] *See* Motion to Strike (docket number 23), ¶ 6 at 2.

## *ORDER*

IT IS THEREFORE ORDERED that the Motion to Strike (docket number 23) filed by the Plaintiff on February 3, 2009 is hereby **DENIED**.

DATED this 17th day of February, 2009.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA