# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MAGGIE GREENHAW,

    Plaintiff,

vs.

CITY OF CEDAR RAPIDS, IOWA,

    Defendant.

No. 07-CV-109-LRR

**ORDER**

## *I. INTRODUCTION*

The matter before the court is "Plaintiff's Motion in Limine" ("Motion") (docket no. 25).

## *II. RELEVANT PRIOR PROCEEDINGS*

On February 4, 2009, Plaintiff Maggie Greenhaw filed the Motion. On February 9, 2009, Defendant the City of Cedar Rapids filed a Resistance (docket no. 31). The court finds the Motion fully submitted and ready for decision.

## *III. ANALYSIS*

In the Motion, Defendant asks the court to exclude from trial any evidence that: (1) Plaintiff entered into a settlement agreement with another party twenty years ago for a head injury; (2) the instant action initially included Cedar Rapids Police Department ("CRPD") Officers Victoria Syverson and Sheila Kolter, n/k/a Sheila Cruise; and (3) is irrelevant. The court considers each of these arguments, in turn.

## A. Settlement Agreement

Plaintiff argues that Defendant should be barred from entering into evidence any mention of a twenty-year-old settlement agreement between Plaintiff and "Fox Garage" for a head injury Plaintiff suffered. Motion at ¶ 1. Plaintiff argues this evidence is irrelevant. Defendant argues this portion of the Motion should be denied because "the physical and mental condition of [Plaintiff] is directly an issue as [it] relates to the question of damages, and the jury is entitled to consider [Plaintiff]'s entire medical history to determine how or to what extent she was allegedly injured in this case." Resistance at 1.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

The court agrees with Plaintiff that the settlement agreement is not relevant to the instant action, since it has no potential effect on any fact of consequence to the instant action. However, the court also agrees with Defendant that the head injury giving rise to the settlement agreement is relevant to Plaintiff's alleged injuries. Accordingly, the court grants the Motion to the extent Plaintiff seeks to bar from evidence any mention of the settlement agreement itself and denies the Motion to the extent it seeks to bar evidence relating to the injury underlying the settlement agreement.

## B. Officers Syverson and Cruise

Plaintiff argues that Defendant should be barred from introducing evidence that Plaintiff named CRPD Officers Syverson and Cruise as defendants in this case. Plaintiff dismissed these Officers from the case because they were not on duty the night of the incident giving rise to Plaintiff's claims and had no involvement with it. Plaintiff argues that this evidence is irrelevant. Defendant argues this evidence is relevant to (1) Plaintiff's credibility and (2) her ability to accurately recall what happened during the night in

question. The court finds this evidence is relevant. Plaintiff's ability to recall which officers were present and responsible for the acts giving rise to her claim is a fact of consequence to this case. Fed. R. Evid. 402.

Alternatively, Plaintiff argues that this evidence should be excluded under Federal Rule of Evidence 403. Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Plaintiff completely fails to explain how or why this evidence would be unfairly prejudicial, confusing, misleading, a waste of time or cumulative. Accordingly, the court denies this portion of the Motion and shall allow the parties to introduce evidence that Plaintiff named and dismissed Officers Syverson and Cruise from the instant action.

### C. Irrelevant Evidence

Finally, Plaintiff argues that the court should bar from evidence "[a]ny mention, reference, statement or evidence concerning or relating to any of the items [. . .] not relevant to the subject of this lawsuit" pursuant to Federal Rules of Evidence 401, 402 and 403. Motion at ¶ 3. Plaintiff does not make any effort to identify this purportedly irrelevant evidence. Without knowing the nature of the evidence Plaintiff seeks to exclude, the court cannot determine whether this evidence is relevant. Accordingly, the court denies this portion of the Motion.

### IV. CONCLUSION

The Motion (docket no. 25) is **GRANTED IN PART AND DENIED IN PART**. The parties must not directly or indirectly refer to or elicit answers from witnesses on the prohibited subject. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order.

**IT IS SO ORDERED.**

**DATED** this 19th day of February, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA