# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MAGGIE GREENHAW,

    Plaintiff,

vs.

CITY OF CEDAR RAPIDS,

    Defendant.

No. 07-CV-109-LRR

**ORDER**

_____

## *I. INTRODUCTION*

The matter before the court is Plaintiff Maggie Greenhaw's Motion for New Trial ("Motion") (docket no. 53).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On August 31, 2007, Plaintiff Maggie Greenhaw filed a Petition at Law ("Complaint") (docket no. 1-4) against Defendants the City of Cedar Rapids ("City"), Officer Victoria Syverson and Officer Sheila Kolter in the Iowa District Court for Linn County.[1] In the Complaint, Plaintiff alleged (1) an excessive force claim in violation of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States pursuant to 42 U.S.C. § 1983[2]; and (2) the state law tort claims of false imprisonment, intentional infliction of emotional distress and negligence. On October 18, 2007, Defendants removed the action to this court pursuant to 28 U.S.C. § 1441(a) and (b).

On March 30, 2009 and March 31, 2009, the court held a jury trial in the instant

---

[1] On September 11, 2008, the parties dismissed Officers Syverson and Kolter from the instant action.

[2] The court dismissed the § 1983 claim in the Order (docket no. 22) on the City's Motion for Summary Judgment.

action. On March 31, 2009, the jury found in favor of the City on all counts.

On April 7, 2009, Plaintiff filed the Motion and requested oral argument. On April 15, 2009, the City filed a Resistance (docket no. 54). Plaintiff did not file a reply.

The court finds oral argument on the Motion is not necessary. The Motion is fully submitted and ready for decision.

### III. STANDARD OF REVIEW

Rule 59(a) provides: "The court may, on motion, grant a new trial on all or some of the issues—and to any party—[. . .] after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). In evaluating a motion for a new trial pursuant to Rule 59(a), the "key question is whether a new trial should have been granted to avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994). The court has broad discretion in deciding whether to grant a new trial. *See, e.g.*, *Asa-Brandt, Inc. v. ADM Investor Servs., Inc.*, 344 F.3d 738, 744 (8th Cir. 2003) ("When reviewing the denial of a motion for new trial, we look only for a clear abuse of discretion.").

A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *See White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992). A miscarriage of justice also occurs "when there is insufficient evidence to support the verdict." *Douglas County Bank & Trust Co. v. United Fin. Inc.*, 207 F.3d 473, 478 (8th Cir. 2000). "An additional ground for granting a new trial is improper jury instructions which cause material prejudice." *Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, 321 F. Supp. 2d 1039, 1043 (N.D. Iowa 2004) (citing *Fink v. Foley-Belsaw Co.*, 983 F.2d 111, 114 (8th Cir. 1993)), *aff'd sub nom. Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 434 F.3d 1081 (8th Cir. 2006).

## IV.  ANALYSIS

Plaintiff argues that the court should set aside the verdict and grant a new trial because the verdict "does not render substantial justice and is not in accord with the greater weight of the evidence." Motion at ¶ 2. Plaintiff offers no analysis or reasoning in support of her argument. Indeed, the brief that Plaintiff filed in support of the Motion is comprised of less than one hundred words.

Plaintiff has failed to present any persuasive reason for the court to disturb the jury's verdict. The court finds the jury's verdict is in accord with the greater weight of the evidence. No miscarriage of justice has occurred. Accordingly, the court shall deny the Motion.

## V.  CONCLUSION

In light of the foregoing, the Motion (docket no. 53) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 1st day of June, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA